In the Matter of the Marriage of

Sandra EL BITAR,
*Appellant - Cross-Respondent,*
*and*

Hadi EL BITAR,
*Respondent - Cross-Appellant.*
(94-DO-0291-DS; CA A89596)

934 P2d 608

Clayton C. Patrick argued the cause for appellant - cross-respondent. With him on the briefs was Patrick and Meadowbrook.

George W. Kelly argued the cause and filed the brief for respondent - cross-appellant.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Mother appeals and father cross-appeals from a marital dissolution judgment that awarded custody of the child to father, ordered wife to pay child support and divided the parties property. On the appeal, we address only the issue of the life insurance and otherwise affirm. We affirm on cross-appeal.

A lengthy discussion of the facts of this case would not benefit either bench or bar. It is sufficient to state that the evidence established the existence of two life insurance policies, one of which the parties describe as "belonging to" their child. Post-trial statements created confusion as to the number of policies and the trial court made an award as to only one. We remand for a finding as to the number of life insurance policies and for a proper disposition thereof.

On cross-appeal, father contends that the trial court erred when it awarded him two bank accounts that had been established upon the child's birth[1] and awarded mother a corresponding amount of money. Before trial, both parties requested that the funds in the two accounts be held in trust for the child's future care and education. At trial, the parties continued to agree that the accounts, which had grown to $83,500, had been established for the child's schooling. However, mother expressed concern that creating a formal trust that would be jointly controlled by the parties would "keep the parties entangled." She also stated that she did not want to "tie up" the $83,500 solely for the benefit of the parties' child, because she has two other children whom she wants to benefit from those assets. On the basis of mother's objections to a trust, the trial court awarded the accounts to father and awarded mother assets of equal value.

On cross-appeal, father argues that, because the accounts are child's, not his, and the corresponding amount of money awarded to mother is hers alone (*i.e.*, is unrestricted), father effectively has received $83,500 less than mother. The factual underpinning of that argument—that the accounts

---

[1] According to father, one of the accounts contains certificates of deposit (CDs) and the other is "an interest-bearing account that flows over from the CDs."

are, in fact, not accessible to father—was not definitively established at trial. The court had before it only two pieces of evidence on that issue: (1) father's testimony that he "told the bank manager" to be sure "that [the] money stays in [child's] name and nobody can get into it" and that the bank manager "did the rest of the paperwork" and (2) testimony by the parties that father had removed mother's name from the accounts when he became concerned that she would spend the funds. Based on this evidence, the trial court apparently concluded, reasonably enough, that father has retained access to the accounts. Although it had the authority to create a trust for the child, ORS 107.105(1)(g), the court decided instead to simply divide the marital assets roughly down the middle and allow the parties to decide, individually, how they will now spend their assets. We see no reason to disturb that ruling.

Remanded for a finding on the life insurance policies and for disposition thereof; otherwise affirmed on appeal and cross-appeal. No costs to either party.